UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA



FILED

MAY 29 2019

Clerk, U.S. District and
Bankruptcy Courts

Sonya Owens,                        )
                                    )
        Plaintiff,                  )
                                    )
            v.                      )   Civil Action No. 19-1161 (UNA)
                                    )
Bank of America, NA *et al.*,       )
                                    )
        Defendants.                 )
                                    )

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The Court will grant the *in forma pauperis* application and dismiss the case pursuant to 28 U.S.C. § 1915(e)(2)(B) (requiring dismissal of a case upon a determination that the complaint fails to state a claim upon which relief may be granted).

Plaintiff essentially repleads previously adjudicated claims arising from "a foreclosure that has been ruled upon by the Superior Court for the District of Columbia and the District of Columbia Court of Appeals." *Owens v. Bank of Am.*, No. 17-cv-2110, 2018 WL 4387572, at *1 (D.D.C. Sept. 14, 2018) ("*Owens I*"). As in the prior case, plaintiff has sued Bank of America, NA; Samuel I. White, PC; and Harvey West Auctioneers, Inc. Plaintiff has added Reliance Group LLC as a defendant to this action, but the complaint contains no allegations against this defendant. For this reason alone, the complaint against the Reliance Group is dismissed. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 & n.3 (2007) (at a minimum, a complaint filed in

1

federal court must contain "[f]actual allegations . . . enough to raise a right to relief above the speculative level") (citing Fed. R. Civ. P. 8(a) (other citation omitted)).

Under the principle of res judicata, a final judgment on the merits in one action "bars any further claim based on the same 'nucleus of facts' . . . ." *Page v. United States*, 729 F.2d 818, 820 (D.C. Cir. 1984) (quoting *Expert Elec., Inc. v. Levine*, 554 F.2d 1227, 1234 (D.C. Cir. 1977)); *see Crowder v. Bierman, Geesing, and Ward LLC*, 713 F. Supp. 2d 6, 10 (D.D.C. 2010) ("Under the doctrine of res judicata, or claim preclusion, a subsequent lawsuit will be barred if there has been prior litigation (1) involving the same claims or cause of action, (2) between the same parties or their privies, and (3) there has been a final, valid judgment on the merits, (4) by a court of competent jurisdiction.") (citation and internal quotation marks omitted)). Res judicata bars the relitigation "of issues that were or could have been raised in [the prior] action." *Drake v. FAA*, 291 F.3d 59 (D.C. Cir. 2002) (emphasis in original) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)); *see I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg. Co.*, 723 F.2d 944, 949 (D.C. Cir. 1983) (noting that res judicata "forecloses all that which might have been litigated previously"). Although res judicata is an affirmative defense, "courts may dismiss *sua sponte* when they are on notice that a claim has been previously decided because of the policy interest in avoiding 'unnecessary judicial waste.'" *Walker v. Seldman*, 471 F. Supp. 2d 106, 114 n.12 (D.D.C. 2007) (quoting *Arizona v. California*, 530 U.S. 392, 412 (2000)); *see accord Rosendahl v. Nixon*, 360 Fed. App'x. 167, 168 (D.C. Cir. 2010) (courts "may raise the res judicata preclusion defense *sua sponte*" ) (citing *Brown v. D.C.*, 514 F.3d 1279, 1285-86 (D.C. Cir. 2008) (other citation omitted)); *see also Fenwick v. U.S.*, 691 F. Supp. 2d 108, 116 (D.D.C. 2010) (observing that the doctrines of res judicata and collateral estoppel "are so integral to the

administration of the courts that a court may invoke [them] sua sponte.") (citations and internal quotation marks omitted) (alteration in original)).

This case, like the prior case, concerns plaintiff's alleged "fee simple ownership rights granted by the US Federal Government on federal land . . . on the property known as 1325 Ingraham Street, NW, Washington, DC 20011," Compl. at 2 ¶ 1; *see Owens I* at *1 (describing same), and the eventual sale of that property at public auction, *see Owens I* at *2. In an exhaustive analysis, the court in *Owens I* addressed every conceivable claim suggested by the five counts of the complaint -- under the Truth in Lending Act, the Fair Debt Collection Practices Act, District of Columbia consumer laws, and the common law -- and concluded that no viable claim was stated. *Id.* at *3-9. The Court also explained why it could not review the local courts' rulings. *Id.* at *9-10 (applying the *Rooker-Feldman* doctrine "to the extent plaintiff has brought this action to challenge the foreclosure"). In the instant complaint, plaintiff sets out five different counts as follows: Count One – Violation of 42 U.S.C. § 1983; Count Two – Violation of 42 U.S.C. § 1986; Count Three – Violation of 28 U.S.C. § 362; Count Four – Violation of the Fourth and Fourteenth Amendments, U.S. Constitution; Count Five – Intentional infliction of emotional distress and financial harm. Compl. at 7-8. But in each Count, plaintiff refers to the factual allegations set forth in paragraphs 1 through 13, which for the most part are the same facts that were adjudicated in *Owens I*. Therefore, plaintiff's claims arising from the foreclosure and sale of the property are barred by res judicata.

The only development since *Owens I* appears to be an alleged eviction action filed by "the Defendants" on March 7, 2019, in D.C. Superior Court's Landlord and Tenant Branch. Compl. ¶ 12. Plaintiff alleges that in the eviction complaint,

> Defendants state they consummated the foreclosure sale of Ms. Owens' home held on February 21, 2017, pursuant to their Trustee's Deed

> executed on March 26, 2018. On May 25, 2018, DC Superior Court issued a second final decision of the same motion that was originally null-voided in August 2017. Ms. Owens filed an appeal of DC Superior Court's second final decision.

*Id.* Allegedly, on April 8, 2019, plaintiff also filed in D.C. Superior Court a motion to dismiss the eviction action with prejudice "based on . . . affirmative defenses under FRCP 12(b)(6)." *Id.* ¶ 13. To the extent that plaintiff is seeking review of the Superior Court's decisions, this Court lacks jurisdiction under the *Rooker-Feldman* doctrine. *See Owens I* at * 9-10; *Prentice v. U.S. Dist. Court for E. Dist. of Michigan, S. Div.*, 307 Fed. App'x 460, 460 (D.C. Cir. 2008) (per curiam) (concluding that "the district court properly determined it lacked jurisdiction to review action taken by a . . . state court"); *United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) (district courts "generally lack[] appellate jurisdiction over other judicial bodies, and cannot exercise appellate mandamus over other courts") (citing *Lewis v. Green*, 629 F. Supp. 546, 553 (D.D.C. 1986)).

Finally, plaintiff alleges that on "April 14th and 17th, 2019," she filed a notice of removal in D.C. Superior Court pursuant to 28 U.S.C. § 1443, and she concludes that "removal of DC Superior Court's Landlord and Tenant Branch case, to U.S. District Court was proper." Compl. at 7. Plaintiff has attached to the complaint two documents. The first document captioned "Defendant's Praecipe With Notice of Removal of Civil Action from State Court" is directed to D.C. Superior Court and states: "This 'Notice' was rejected because the case caption(s) did not match." Compl. Attachment [Dkt. # 1 at 9]. The second document is a removal notice submitted to this Court for filing in *Owens I*, where plaintiff is the removing party. Compl. Attachment [Dkt. # 1 at 10-14]. In denying leave to file, the *Owens I* court noted correctly that "[a]ny removal motion must be filed in the case to be removed, not a separate action that is already closed." *Owen v. BOA*, No. 17-cv-2110 [Dkt. # 28]. Apart from that defect, the notice

4

was unauthorized because the "defendant" or "defendants" are the only parties permitted to remove a case from State court. 28 U.S.C. §§ 1441(a), 1443, 1446. Therefore, plaintiff's claim based on the defective removal notices lacks "an arguable basis either in law or in fact," which constitutes a frivolous claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A separate order of dismissal accompanies this Memorandum Opinion.

Date: May 29th, 2019

_____
United States District Judge